Our second case is number 20-1827 Alejandro Morales versus Healthcare Revenue Recovery Group LLC. Mr. Kim Thank you, may I please report my name is Young Moon Kim on behalf of Mr. Alejandro Morales I would like to reserve five minutes for rebuttal. Granted This court has twice held in St. Pierre de Naples that the disclosure of a debt collector's account number, which is prohibited by the plain language of 1692 F8, creates Article 3 standing. Plaintiffs need not suffer economic loss or actual damages and the unlawful disclosure of the legally protected information itself constitutes a clear injury in fact. In other words, an injury in fact may exist solely due to the violation of a statutory right. There's no dispute here that the defendant did include any language or symbol which is prohibited by 1692 F8 and Congress created a bright line rule. It is not ambiguous and it does not create an absurd result. Council, let me ask you a couple of questions, please. As I understand it, we have a six character number and a 16 character number or sequence on the record. We use those numbers on the record? I know that there's some concern about confidentiality. We did continuously try to seal and not file those account numbers publicly. For the purposes of my questions, I'll just say six character and 16 character. That way we'll know what we're talking about, right? That's good, Your Honor. Okay. My question to you is, as we think about this six character and 16 character, your position, if I understand it, is that both sequences identify your client. Is that right? That's correct, Your Honor. The six digit, which is an alphanumeric character, is the debt collector's account number. The longer digit, which appears at the bottom of the collection letter, is the creditor's, the medical provider's account number. So there were two account numbers on that letter and the one that was exposed in the barcode itself was a six digit utilized by the debt collector. And this court has repeatedly held in Douglas, St. Pierre, and Naples that the dissemination of the debt collector's account number itself is in violation of the plain language of 1692 F8 and therefore... Let me ask you this question then. I appreciate that. Is it your position that both are uniquely associated with your client, this... Yes, Your Honor. And defendant's corporate representative testified to the fact and if you look at Appendix 207, defendant identifies that in addition to the account number, anyone could call in with the account number and a date of birth or a last four digits of the consumer's social security number to obtain and ask questions about that account. But let me ask about that. So Naples was clear that its holding was predicated on there being an unencrypted QR code that you could use to get someone's account number. Here we have a situation we have to combine it with some private information. The last four social, not easy to find, date of birth. Well, yeah, there are some people who broadcast that out there, but for a lot of people, I mean, this is, you know, private identifying information. So why should we put it on the same footing as an unencrypted QR code that leads you directly to an account number? The disclosure of, well, the six digit number is embedded in the barcode and the barcode itself is not unencrypted. Right. You get a six digit number, but you can't do anything with it unless you pair it with the last four digits of a social security number or with a date of birth, right? That's correct. And that's private information. So I'm not sure, why should we treat it as if it's just the same as giving an account number? I do think a date of birth or a last four digits of social security number is fairly easier to find these days in the age of the internet and social media. And the FDCPA is not just concerned about, you know, imminent threats, but potential threats and potential invasions of privacy. And a mother or a brother or a child in possession of that mail and who scans the barcode clearly knows the consumer's date of birth. They could easily call in, obtain information about this account and find out the status of the consumer as a debtor. What did the QR code link to in Denaples? It produced a six digit IRN, an internal reference number, right? That is correct. Here you don't have to scan a QR code to get the IRN. The IRN is on the envelope, right? Isn't that the crux of your argument? It's embedded in the barcode instead of a QR code. Okay, so it's like the QR code, but it's a barcode instead of a QR code. There is no meaningful distinction between the Naples and this case. Okay, so really the potential difference, at least if I understand Mr. Sherman's argument, is that here there's some testimony in the record that this six digit, the six alphanumeric characters are not peculiar to your client. There's a chance, you know, there's some disposition testimony that could be up to 25 people, right? So that's the potential distinguishing characteristic between this case and Denaples, right? I think that at least creates a disputed fact. We do have testimony from the same witness saying, contradicting that statement, saying that they could use their internal reference number or account number in addition to a date of birth or social security number to identify that account. All an account number is a series of numbers or characters that identifies a specific account. There is no difference, meaningful difference, between Douglas, St. Pierre, and the Naples. Counsel, I thought part of your argument was when you look at the 16 alphanumeric characters,  I'm sorry, Judge Greenaway, you broke up a little bit. Sorry, I'm happy to repeat it. My point is, I thought when you scan the barcode, you get 16 characters. And when you look at those 16 characters, number one, it's unique to your client. And number two, you can get information because it's the beginning of an address. I thought that was part of your argument. Am I wrong about that? The barcode does reveal the six-digit account number plus the first line of the debtor's address. So it does not reveal the 16-number medical account? It does not reveal the original creditor's medical account number. All right. But still, your argument is the six alphanumeric characters is particular to your client, or at the very least, there's a material issue of fact as to whether it is particular to your client. That is correct, Your Honor. And if you also look at Appendix 243 to 249, you will see that the alphanumeric characters are sequential. They're all different. If defendant wanted to produce 25 accounts bearing the same account number, they could have, but they were never able to do so. And the reason that this Court should not create carve-outs for 1692-F is because court, like the courts, Congress created a bright-line rule saying that 1692-F prohibits any language or symbol. There are two exceptions to it, which is the debt collector's address and the debt collector's name, if the debt collector's name does not disclose that it is in the debt collection business. There is an innocuous information exception, right? But as I understand your argument, that doesn't apply here because if you go to the Internet and find information that's readily available on the Internet, like date of birth, like the last four digits of social security number, then it's not at all innocuous because this gets you right into the details of the debtor's plight. I don't think the statute has a benign language exception. And Preston— Courts have said that, but I understand that would be extraneous to the text of the statute, right? Understood. If it creates an absurd result, I think the courts are—courts sometimes create exceptions to the plain language of the statute. But here, we don't have a benign language situation. We have an account number. Yes. Just one follow-up before you go. De Naples is applying Douglas, right? So the root of the principle you want applied, it goes back to Douglas. De Naples relies on Douglas and St. Pierre as well. But what you're asking here is we're in the posture of viewing a district court's decision not to reconsider. So if De Naples is not an intervening change in law, it's just extending and applying Douglas, can we overturn the district court's decision not to reconsider? We did also appeal the original order dismissing the case for lack of standing so this court could reverse that decision as well. But we did try to cure certain deficiencies that the district identified when we moved for reconsideration. So we do think that is error as well. I just want to end with that, you know, health care revenue is a known medical debt collection company. Disclosing the nature of the debt itself is problematic and that is a continuing theme of the FDCPA. And if you look at 1692B and C, it severely limits third-party communication. For example, you can't even send a postcard if you're a debt collector. So I think this goes with the invasion of privacy issues that Congress attempted to deal with and this court should reverse the proceedings. Thank you. I have a question. I can't see the plot in front of me. So the district court, in its opinion, referred to a 01346 number. My understanding of that number is that that was HRRG's client and not a number that originated with HRRG. Is part of your argument that that encompasses the reliance on that number is part of the district court's error? It that number is a distinct number, which is the original creditors, the medical providers, account numbers, and the client numbers. So we're not arguing that that number was disclosed. We're arguing that the six digit, six alphanumeric digit account number that belongs to HRRG was revealed in the barcode. All right. Thank you, Mr. Kimmel. Hear you on rebuttal. Mr. Sherman. Thank you, Your Honor. May it please the court, Christian M. Sherman, Mark Soniel, Brian Doherty, and Kelly for defendants, HRRG. Before we get started, no matter what you guys do to me in the next 10 minutes, I'm happy to see your faces in person. It's been too long. Hopefully we can continue this. So one of the last things that Mr. Kim said was the invasion of privacy. And really when you look at the big picture of the FDCPA, that's really the predicate that it's all based on. The FDCPA's language forbids putting anything on an envelope apart from a few specified things. And this is not one of the specified things. So it violates language of the statute. We don't look behind it for the purpose, we look at what the statute says. You're right, Your Honor. But that also includes, if you read that text that you're referring to, that also includes the address of the debt collector. And I think it also may include the address of the debtor. So if you look at that and you adhere to that word for word, debt collectors wouldn't even be able to send any letters anymore pursuant to that statute. And I submit that that's an absurd result. We dealt with standing doctrine, though. You don't have standing to challenge that the debt collector put his own address on there, right? Under Spokio, there's no plausible harm. You suffer from the debt collectors there. But Mr. Kim's argument is there is plausible privacy harm his client suffers from having something that could lead to his account number and financial information. So that's in a different category. Yeah, well, so yeah, so even with an FDC pay violation, as you guys made the law here, so you know that it needs still needs to be concrete, right? And you need a material risk of harm. First of all, and if not, and if this if these six letters and numbers are not particular to Mr. Morales, then there's no harm, right? Yeah. But if the six letters and numbers are particular to Mr. Morales, there is harm, right? Well, I don't think it's that under our precedence. Sure, there is. That's the whole point of the Naples and the cases that came before it. Well, the record is clear and it's uncontroverted that the first of all, it's not an account number. Judge Siles took great pains to detail the difference between the account number and the internal reference number. Correct. Right. But if that internal reference number is peculiar to Mr. Morales, then there's harm, right? All I can go by in your honor is the evidence in the record. The evidence in the record from Mr. Friedlander, the president of HRG said it's not unique to him. All right. That's what I want to press you on because it seems quite equivocal. We're looking at Friedlander's testimony that said things like IRNs are not necessarily unique to specific customers and there could be this six digits, six character item that is used to reference someone else. So we've got him saying not necessarily unique and could be used to reference others. Later he says that the six characters should bring up Mr. Morales potentially with other people. He says it could vary. It could be multiple computer screens. It potentially could. And then there could be associations. That does not sound like anything remotely like unequivocal testimony that the six characters apply to others besides Mr. Morales. It sounds very equivocal. What am I missing there? Well, again, he said that it could apply to others and your honor has the testimony. It's not the same as the account number because if you look at the actual collection letter, the account number is listed under account number and it's something completely different. But if you just take a step back, so your honor's taking an issue with that piece of evidence in the record. The evidence in the record which is completely uncontroverted is you can't do anything with this. First of all, that's a different issue. I'm trying to get to the bottom of whether the six characters, letters and numbers, are peculiar or particular to Mr. Morales. I'm just focused on that for now and I cited you a bunch of testimony that suggests that that they may well be. Perhaps they're not, but they may well be. If you're going to concede that point, then we can move to the other point which is, well, the six characters don't matter because they don't invade Mr. Morales's privacy because somebody who would snoop around through into the barcode wouldn't really learn anything about Mr. Morales. Is that the crux of your argument? Well, that's one of them, but for the first part, again, Mr. Friedlander said that it could apply to other individuals. I didn't take his deposition. I wasn't there. I perhaps asked follow-up questions. Because what he put on the record isn't enough for you to win at summary judgment. It's too equivocal. Well, that it could apply, but that wasn't the only reason why Judge Salas ruled that. She ruled the way on standing because she said, number one, that that number was not the account number associated with the debt. There was a different account number, wasn't visible through the window envelope, couldn't find it with a scan of the barcode. It was actually in the body of the letter. So it's a different number. And your Honor has the testimony. The testimony is what it is. He said that it could apply to others, it could not. I submit that perhaps there could have been some follow-up questions that were your Your Honor. You've been referring to something as an account number that Judge Salas referred to. I presume you're talking about the number that begins with 01346. Is that right? Yeah, the one it's located on the lower part of the letter. I know it's redacted, but yes. Now, that is not a number that is generated by HRRG, correct? Well, all I can I don't know how it's generated. All I can tell you is it said at the bottom of the letter, it says something like you're not telling your client's number. You're not saying that on the record, right? I don't know how it was generated. It says it says position is Associates of South Jersey. Right, which is a client of HRRG, right? Which is a what of HRG, Your Honor? Yes, yes, they're a client of HRG, correct. So it's not a number that originated with HRRG. It can't be your account number. Okay, but there are other numbers on the letter, too. There's a pin number on the letter. No, no, no. We're just talking about that number right now, because that's the number that Judge Stiles relied on as referring to what she referred to as an account number, right? And that is not your account number. Isn't that correct? I think you're right. I don't I think that you're correct, Your Honor. I can't tell you because I don't know if there's if there was any discovery on that precise issue in the record, but I think you're correct. Just going off the fact that it says EPA of South Jersey. Okay, something like that. If I'm correct on that point, that that is not an HRG account number, isn't the fact that Judge Stiles relied on that in her account number analysis, if you will, error? No, because it's not an account number, which is in the barcode. That's not an account number. It's an internal reference number. That's what it is. There's other numbers on that letter, too. What is the purpose of an account number? I don't know. I don't want the purpose of HRRG's account numbers. We're just having a general conversation. The purpose of an account number is to identify a person or entity, correct? One of the reasons. Correct, Your Honor. At the moment, the purpose that HRRG has for the number is not what we're discussing. We're just discussing the fact that it's used to identify, right? So Judge Hardiman's questions were focused on whether this is unique to Mr. Morales. Now, if Judge Stiles was focused on, quote unquote, the wrong number, then what we'd like you to do is focus on the correct number. And one of my questions for you is, should I be focused on the six-character alphanumeric or the 16-character alphanumeric? Well, you know, all I can go by is the case law within the jurisdiction. It says account number is something different. It's just like if you're a medical record. You have your medical record number. That is something. And then you have a multitude of other numbers. All I can tell you is that is not identified as an account number. No matter what you call it, a third party can't do it to do anything with it. Literally, there's no use for it. Let me ask you to focus on that right now because the nub of the question here is not really whether this is called an account number or an internal reference number. It's not even whether it's unique. The point is, is it useless or does it have some privacy implications? The reason I think of it this way is the statute has a flat ban on putting anything else on the envelope. And then under Spokio, we have to focus on standing. And Mr. Morales has standing as long as there's some way in which his privacy is harmed. Now, I thought the argument on his side was identity thieves put lots of different pieces of information together. It doesn't have to be that one piece of information gets you. It's that this can be part of a mosaic that reveals some confidential information. It's just said to be a brick, not a wall, as we say in evidence. So why is it that this is not even a brick that could help to build a wall? Because there's there's record evidence says there's absolutely nothing you can do with it. Wait a second. It's for summary judgment purposes. Judge Hardiman was asking quite rightly how clear this was. And it could be it might be that's not clear enough to defeat summary to get summary judgment. Here's the bottom line. Mr. Morales works in I.T. He's done it for whatever number of years. I asked him, look, is there any way that you know of you're a computer guy to use this? I don't know. And he literally told me it would be speculation. So there is nothing that he can think of. There is no evidence that they submitted to to show that you can do anything with it. The evidence in the record for Mr. Friedlander is, look, if you called up and you gave this number, you're not getting anywhere. But the evidence was also that if you paired this number with a D.O.B. or the last word of social, you could. Yeah, but where does it end, though? So that's a big deal. Someone's identity and get that other. Why can't you just rip open the letter? Isn't it the same thing? Where's the line? Where do we draw the line here? So the answer to my question, then, is this could be a brick in a wall. It's just not a wall on its own. Yes. But you would have to you'd have to commit theft, both maybe physically and I mean, but where does it end, though? So you could say that with anything. So I could take any collection letter and have someone's name on it. And then with just the name and address, I can go whatever, steal the mail or whatever. But that's that's not the way I understand it. That's that's not necessarily how it works when you're looking at risk of harm. I think there's a case out there that says, you know, you know, you can't assume that a third party is going to steal mail and do this basically on what you have on what's on the letter. It was literally useless without Mr. Kim gave another hypo. Let's say that the mother or brother or sister wants to snoop into your finances, give a privacy interest if you want to keep this from your mom. Isn't it true that mom knows your date of birth? Of course. Right. Mom could use this letter and find out stuff that you're trying to hide from mom. OK, well, if she had the well, the full letter or in the envelope, your honor, what's your in the in the envelope? You could just take this. Mom's a tech savvy. Mom gets the Apple app, scans it and then uses the DOB and then gets it without having to tear the letter. Well, she would still need two points of identification. So I think she would need the Social Security and a date of birth. And if she had that, I guess she'd be able to call. But quite frankly, I don't know any household that I have five people in my house. I don't know how how you could avoid that. You know, if everyone knows everyone's if it's a family member, you know, same thing. If you get a debt collector, a debt collection call and a family member answers, the family member could could also impersonate you and say, I'm about it. But bottom line is, if you call the council, the argument you're making begs the question of why aren't we dealing with this as material, as a genuine disputes? There's an argument you can make. There's an argument the hypothetical has on the other side. Why? Why is this right for summary judgment when there clearly are? You cut off at the end, your honor. But to answer what I think you're asking, bottom line is this. Based on the information, even if you scan the barcode, you can't do anything with it. The only way you can do something with it is if you commit a crime and steal some other piece of identifying information like a social or a date of birth. Going on going on the Internet and finding date of birth is not a crime. Well, there's going on the Internet and finding somebody's the last four of the social, which I that's that's sort of common, right? That I don't know who made this decision, but at some point, apparently somebody thought that it's OK to display people's last four of the social if you don't display the other the other characters. But that it's not a crime to go on the Internet and find that stuff. Well, there's no there's no evidence in the record here that any of that was available online. And Mr. Morales, again, I asked him, how can you use it? He's a computer guy. Well, it's look, his computer aptitude isn't dispositive as to whether he is a case or not. Right. You're right. Any more than your client could make the same error. And that doesn't mean you can't win on summary judgment. I'm I'm just having trouble. I'm having trouble with what appears to me a relatively clear line of demarcation in the caseload, a caseload case law. And that line of demarcation, correct me if I'm misunderstanding, it tells us that if the six alphanumeric characters are not unique to Mr. Morales, you get summary judgment because his privacy has not been violated. If the six alphanumeric characters are particular to Mr. Morales, you don't get summary judgment because his privacy has potentially been invaded. Well, I don't know. That's a good question. I don't know if that I cited the Caruso case. And that's one of the cases which I think is the most similar. I'm not sure whether that it was the code was unique to that individual in Caruso, but all the other facts were the same, that there was absolutely no way in the record to use the information to get private private information about about the debtor. And the court found that there's no standing because there's there's no risk of material harm. So I would submit, thank you. Unless you have any Anything further, Judge Greenaway? No, sir. All right. Thank you very much, Mr. Sherman. We'll hear Mr. Kim's rebuttal. Thank you, Your Honor. I just I just want to quote defendant's testimony. The witness said together with the internal reference number, they would have to have either the date of birth or the last four social to bring up a specific consumer's account information. All right. He didn't say and. You only need one or the other. He said or. You just need a combination of two, which is, I mean, yeah, one. That's correct, Your Honor. One plus the six character alphanumeric. That's correct, Your Honor. Okay. And and I would just like to end with one analogy. Defendant was given a key to a vault to enter a birthday date of birth. Defendant has a legal duty to protect the key. Defendant cannot just give out the key to unknown third parties saying, oh, the pin, the pin pad, the pin code protects us. And I believe Congress, when it found abundant evidence of abusive debt collection practices, which included the invasion of privacy and where Congress also found that the existing laws were inadequate to protect these consumers. They created a bright line rule by enacting 1692 F-8. And it is clear you cannot have any language or symbol other than the debt collector's name. If the name does not disclose that it is in the debt collection business or the debt collector's address is within the language, the use of the mails as Preston held from the Seventh Circuit. So I don't think the statute, the subsection is ambiguous and I do not think this creates an absurd result. Thank you, Your Honor. All right. Thank you, Mr. Kim. Court appreciates the excellent argument. We'll take the matter under advisement. Thank you, Your Honor.